**In re NATURAL GAS COMMODITIES LITIGATION.**

**No. 03CIV.6186 (VM)(JCF).**

United States District Court,
S.D. New York.

Dec. 2, 2005.

Ali Oromchian, Finkelstein Thompson & Loughran, San Francisco, CA, Peggy J. Wedgworth, Lovell & Stewart, LLP, New York City, Bernard Persky, Craig L. Briskin, Labaton, Rudoff & Sucharow LLP, New York City, Christopher Lovell, Lovell, Stewart, Halebian LLP, New York City, Gary S. Jacobson, Lovell & Stewart, L.L.P., New York City, Vaishali Shetty, Goodkind, Labaton, Rudoff & Sucharow, LLP, Christopher J. Gray, Law Office of Christopher J. Gray, Louis F. Burke, Louis F. Burke, P.C., New York City, for plaintiffs.

Gregory Copeland, Holly Roberts, J. Michael Baldwin, James Hail, Mark Robeck, Baker Botts, L.L.P., Houston, TX, Paul Anthony Ragsua, Baker Botts LLP, New York City, Diana L. Weiss, Orrick, Herrington & Sutcliffe LLP, New York City, Douglas R. Tribble, Pillsbury Winthrop LLP, San Diego, CA, Jonathan L. Abram, Hogan & Hartson, L.L.P., New York City, Blossom Kan, John L. Hendricks, Orrin L. Harrison, III, Akin Gump, Strauss, Hauer & Feld LLP, Mark Robert Hellerer, Pillsbury Winthrop Shaw Pittman, LLP, New York City, Michael J. Kass, Pillsbury, Winthrop Shaw LLP, San Diego, CA, for defendants.

## DECISION AND ORDER

MARRERO, District Judge.

On June 21, 2005 Magistrate Judge Andrew J. Peck, to whom this case was referred for supervision of pretrial proceedings, issued an Opinion and Order ("Order") denying a motion by plaintiffs, natural gas futures traders ("Plaintiffs"), to compel the production of documents from defendants American Electric Company, Inc. ("AEP") and Aquila Merchant Services ("Aquila") (collectively, "Defendants"). The Order denied Plaintiffs' motion to compel based on the Magistrate Judge's finding that Defendants' voluntary disclosure of the requested documents to government agencies pursuant to non-waiver agreements did not constitute a waiver of

1. *See* Memorandum of Law in Support of Plaintiffs' Motion to Set Aside the June 21, 2005 Opinion and Order of Chief Magistrate Jude Andrew J. Peck and to Compel the Production of Documents, dated July 6, 2005 ("Pls.' Mem."); Plaintiffs' Reply Memorandum of Law in Further Support of Their Motion to Set Aside the June 21, 2005 Opinion and Order of Chief Magistrate Judge Andrew J. Peck and to Compel the Production of Documents, dated August 8, 2005 ("Pls.' Reply").

2. *See* Memorandum of Law in Opposition of Plaintiffs' Motion to Set Aside the June 21, 2005 Opinion and Order of Chief Magistrate Judge Andrew J. Peck, dated July 25, 2005 ("Aquila's Mem."); Opposition of American Electric Power Company, Inc. and AEP Energy Services, Inc. to Plaintiffs' Motion to Set Aside the June 21, 2005 Opinion and Order of Chief Magistrate Judge Andrew J. Peck and to Compel the Production of Documents, dated July 25, 2005 ("AEP's Mem.").

attorney or other representative work product privilege. Plaintiffs contend that the Order must be set aside as contrary to law because Defendants' voluntary disclosure of the documents to government agencies constituted a waiver. The Court, having reviewed the Magistrate Judge's Order (*see In re Natural Gas* ("Order"), No. 03 Civ. 6186, 2005 WL 1457666 (S.D.N.Y. Jun. 21, 2005)), Plaintiffs' objections [1] to the Order and Defendants' response to the objections [2], as well as the documents accompanying the parties' submissions regarding this matter, affirms the Order based substantially on the pertinent findings, reasoning and authority upon which it is grounded.

## I. BACKGROUND [3]

The relevant facts and prior proceedings are discussed in Magistrate Judge Peck's thorough decision (*see* Order at \*1–\*4), a copy of which is incorporated herein. As detailed in the Order, Plaintiffs moved to compel the production of certain documents withheld by Defendants on the basis of attorney-client and/or work product privilege. The requested documents contain analysis of data generated in the course of Defendants' internal investigations related to natural gas trade reporting inaccuracies. The documents were disclosed to government agencies, including the Federal Energy Regulatory Commission, the Commodity Futures

3. The factual recitation set forth below derives from the following documents on the record of the Plaintiffs' motion to set aside the Order: Letter from Bernard Persky to Magistrate Judge Peck, dated May 2, 2005 ("Pls.' First Letter Brief"), attached as Exhibit A to Affirmation of Vincent Briganti in Support of Plaintiffs' Motion to Set Aside the June 21, 2005 Opinion and Order of Chief Magistrate Judge Andrew J. Peck and to Compel the Production of Documents ("Briganti Aff."); Letter from Diana L. Weiss to Gretchen L. Lowe, Associate Director, Division of Enforcement, U.S. Commodity Futures Trading Commission, dated July 14, 2003, attached as Exhibit A to Aquila's Mem.; Affidavit of James W. Deacon in Opposition to Plaintiffs' Motion to Compel, dated May 26, 2005, attached as Exhibit C of Aquila's Mem. ("Deacon Aff."); and Declaration of Steven J. Routh, dated May 16, 2005, attached as Exhibit 1 to AEP's Mem. Unless specifically quoted or otherwise cited as necessary, no other citation to these documents will be made.

Trading Commission, and the United States Department of Justice (collectively, "government agencies"), in connection with investigations of the Defendants by the government agencies. The documents were voluntarily produced to the government agencies pursuant to explicit non-waiver agreements. The materials include third-party consultants' analysis and comparison of Defendants' actual natural gas trades and trades reported to trade publications.

## II. STANDARD OF REVIEW

■■■ A district court reviewing a magistrate judge's non-dispositive pretrial orders may modify or set aside any part of that order if it "clearly erroneous or contrary to law." Fed. R. Civ. 72(a). An order may be deemed "contrary to law" when it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y.2002) (quoting *Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F.Supp.2d 70, 74 (N.D.N.Y.2000)). A party seeking to overturn a magistrate judge's decision faces a heavy burden. *See id.*

## III. ANALYSIS

### A. RELEVANT AUTHORITY

■■ Plaintiffs argue that Defendants' voluntary disclosure of privileged documents to government agencies pursuant to explicit non-wavier agreements constituted a waiver of privilege. Plaintiffs' contention is not supported by relevant authority. While the Second Circuit held in *In re Steinhardt Partners, L.P.* that the defendants' voluntary disclosure of privileged materials to a government agency constituted a waiver of privilege, the *Steinhardt* court explicitly declined to adopt a per se rule that such disclosure constitutes waiver because a rigid rule would "fail to anticipate" circumstances such as disclosure pursuant to an "explicit agreement that the [government agency] will maintain the confidentiality of the disclosed materials." 9 F.3d 230, 236 (2d Cir.1993). Pursuant to the Second Circuit's holding in *Steinhardt*, courts in this district have held that voluntary disclosure to government agencies pursuant to an explicit non-waiver agree-

ment does not waive the attorney or representative work product or attorney-client privilege. *See, e.g., Maruzen Co. v. HSBC USA, Inc.*, No. 00 Civ. 1079, No. 00 Civ. 1512, 2002 WL 1628782, at *2 (S.D.N.Y. July 23, 2002); *In re Leslie Fay Cos. Sec. Litig.* ("*Leslie Fay II*"), 161 F.R.D. 274, 284 (S.D.N.Y.1995) (finding no waiver of attorney-client privilege where disclosures to U.S. Attorney's Office and bankruptcy examiner were made pursuant to confidentiality agreements). *Cf., Spanierman Gallery, Profit Sharing Plan v. Merritt*, No. 00 Civ. 5712, 2003 WL 22909160 at *3 (S.D.N.Y. Dec.9, 2003); *In re Leslie Fay Cos. Sec. Litig.* ("*Leslie Fay I*"), 152 F.R.D. 42, 44 (S.D.N.Y.1993). Plaintiffs can point to no contrary decisions in this Circuit. Therefore, Magistrate Judge Peck's conclusion that Defendants' disclosure of the documents did not waive privilege is amply supported by controlling authority.

Plaintiffs argue that the Order should be set aside because a majority of Circuits have held that disclosure of privileged materials constitutes waiver even where disclosure was pursuant to a non-waiver agreement. (*See* Pls. Mem. at 14.) However, Magistrate Judge Peck correctly held that the Court is bound by Second Circuit authority and is not free to adopt the opinion of other circuits. *See United States v. Collado*, No. 99–1218, 1999 WL 1212647, at *1 (2d Cir. Dec.10, 1999) ("The fact that there is a split among the circuits on this issue in no way changes our obligation to follow binding precedent of this court.") (citations omitted).

### B. PROPER GROUNDS FOR DETERMINING WHETHER PRIVILEGE WAS WAIVED

■■ Plaintiffs argue that the Magistrate Judge erred in considering Plaintiffs' failure to demonstrate substantial need for the requested documents in his analysis of whether Defendant's disclosure of the requested materials waived work product privilege. (*See* Pls.' Reply at 4.) The Second Circuit emphasized in *Steinhardt* that waiver arguments must be considered on a case-by-case basis. However, the *Steinhardt* court did not articulate an exhaustive list of the considerations that should guide a court's evaluation of

whether disclosure pursuant to a non-waiver agreement constitutes waiver. Furthermore, the courts in this district that have directly addressed the issue have not specified what considerations, other than the existence of an explicit non-waiver agreement, guided their determinations regarding waiver. *See, e.g., Maruzen,* 2002 WL 1628782 at *2; *Leslie Fay II,* 161 F.R.D. at 284. In the absence of a discrete list of relevant considerations for determining whether voluntary disclosure pursuant to a non-waiver agreement constitutes waiver, consideration of Plaintiffs' failure to show substantial need is not clearly erroneous nor an error of law.

## C. INTERVIEW MEMORANDA

 Plaintiffs argue that the Order must be set aside because it does not explicitly address production of certain memoranda related to interviews conducted in the course of Aquila's internal investigation (the "interview memoranda"). (*See* Aquila Merchant Services Privilege Log, attached as Exhibit A to Plaintiffs' First Letter Brief.) Plaintiffs further argue that the reasoning set forth in the Order "is not applicable to the interview memoranda." (Pls.' Mem. at 3.) As noted above, Magistrate Judge Peck considered Plaintiffs' failure to show a substantial need for the requested documents relevant to his determination that the requested documents remained protected by work product privilege. Magistrate Judge Peck found that Plaintiffs failed to show substantial need for the requested materials on the grounds that Defendants produced all of the data underlying the analysis in the requested documents to Plaintiffs. (*See* Order at *8.) Plaintiffs argue that Magistrate Judge Peck's reasoning regarding substantial need does not apply to the interview memoranda because the data that forms the basis for the interview memoranda has not been produced to Plaintiffs. (*See* Pls.' Mem. at 2.)

Although the data underlying the interview memoranda may not have been produced to Plaintiffs, Plaintiffs nonetheless failed to demonstrate a substantial need for the interview memoranda in their submissions in support of their motion to compel. In fact, Plaintiffs made no reference at all to the interview memoranda in their submissions in support of their motion to compel. (*See* Pls.'

First Letter Brief; Letter from Bernard Persky to Magistrate Judge Peck, dated May 18, 2005, attached as Exhibit B of Briganti Aff.) Furthermore, as discussed below, Plaintiffs failed to make a sufficient showing of substantial need in their submissions in support of their motion to set aside the Order.

## D. SUBSTANTIAL NEED

 Plaintiffs argue that even if Defendants' disclosure of the requested documents did not waive work product privilege, Plaintiffs are entitled to production of the documents because Plaintiffs have shown substantial need for the materials. Pursuant to Fed.R.Civ.P. 26(b)(3), work product privilege may be overcome upon a showing that the party has substantial need for the requested materials in the preparation of the party's case and that the party is unable to obtain the substantial equivalent of the materials by other means without "undue hardship." Fed.R.Civ.P. 26(b)(3). Where, as here, the requested documents contain "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative" (Fed.R.Civ.P. 26(b)(3)), the required showing of substantial need is particularly stringent. *See United States v. Adlman,* 134 F.3d 1194, 1204 (2d Cir.1998); *Madanes v. Madanes,* 199 F.R.D. 135, 150 (S.D.N.Y.2001) ("Opinion work product enjoys a near absolute immunity and can be discovered only in very rare and extraordinary cases ... where weighty consideration of public policy and proper administration of justice would militate against nondiscovery.") (quoting *In re Minebea Co., Ltd.,* 143 F.R.D. 494, 499 (S.D.N.Y.1992)).

 The Court affirms Magistrate Judge Peck's finding that Plaintiffs failed to demonstrate a substantial need for the requested documents. Defendants have produced all of the factual documents underlying the work product analysis provided to the government agencies, with the exception of any documentation underlying the interview memoranda. Therefore, Plaintiffs can perform their own analysis of the trading data. Furthermore, Plaintiffs failed to show substantial need for the interview memoranda. To demonstrate substantial need, a party must demonstrate an inability to obtain equivalent evidence without undue hardship. *See Madanes,* 199

F.R.D. at 150. Plaintiffs have not demonstrated that they would be unable to acquire the data underlying the interview memoranda without undue hardship, as Plaintiffs have not demonstrated why they would not be able to depose the individuals interviewed during the internal investigation. *See* 8 Charles Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice & Procedures* § 2025 (2d ed.1994). Therefore, the Court concludes that the Plaintiffs have not made a sufficient showing to overcome work product privilege pursuant to Fed.R.Civ.P. 26(b)(3).

## IV. *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that the motion of plaintiffs in this action, certain natural gas futures traders, to set aside the Opinion and Order ("Order") of Magistrate Judge Andrew J. Peck dated June 21, 2005 and to compel production of documents is DENIED; and it is further

**ORDERED** that the Order is AFFIRMED.

**SO ORDERED.**